IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL C. SHOUMAKE,

                                                                          ORDER

                Petitioner,

                                                       09-cv-643-bbc

    v.

CAROL HOLINKA Warden,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Samuel C. Shoumake has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He has paid the $5 filing fee. He contends that the Bureau of Prisons has violated his rights by refusing to place him in a halfway house for more than the six-month minimum amount authorized under the Second Chance Act of 2007, enacted as 18 U.S.C. § 3624(c).

      I cannot consider the merits of the petition because petitioner concedes that he has not exhausted his administrative remedies. Although § 2241 does not include an exhaustion rule, the Court of Appeals for the Seventh Circuit applies one under common law. <u>Sanchez v. Miller</u>, 792 F.2d 694, 697 (7th Cir. 1986). According to petitioner, he did not appeal his grievance beyond the warden's response because the warden told petitioner that the regional

1

director must be in concurrence for him to win his complaint and petitioner is confident that "there would be no concurrence."

The exhaustion requirement makes an exception for situations in which "'appealing through the administrative process would be futile because the agency is biased or has predetermined the issue.'" Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting Iddir v. INS, 301 F.3d 492, 498 (7th Cir. 2002)). However, "the hurdle is high" for showing futility or any other exception to the rule, as the court noted in Richmond v. Scibana , 387 F.3d 602, 604 (7th Cir. 2004). In Richmond, the court held that the futility exception did not apply to petitioner despite the fact that the Department of Justice (which encompasses the Bureau of Prisons) had issued a memo rejecting the petitioner's position. In the court's view, the petitioner could have raised arguments that would have exempted him from the general terms of the memo. Id.

Petitioner's case for futility is even weaker than that of the petitioner in Richmond. According to petitioner, the Department of Justice has issued a memo to the effect that "six months is sufficient," but the memo petitioner identifies states that "Bureau experience reflects inmates' pre-release RRC needs can *usually* be accommodated by a placement of six months or less." Plt.'s Cpt., dkt. #1, Sec. Exh. #1 (emphasis added). Petitioner could have argued that his was not the usual case. Petitioner adds that he was given six months "like every other inmate," which he thinks suggests that the Bureau would not consider longer

2

placement. However, plaintiff does not explain how he knows what "every other inmate" has received. It is safe to assume that his only basis for such a belief is anecdotal. His mere belief is not sufficient to establish that the Bureau has "clearly and repeatedly taken a position contrary to" petitioner's. Gonzalez, 355 F.3d at 1018 (citations omitted).

Petitioner raises a second contention: he would not have enough time to complete the grievance process. Although "unreasonable delay" is another exception to the exhaustion requirement for § 2241 petitions, Gonzalez, 355 F.3d at 1016, petitioner does not argue that the bureau could not deal with his appeal before he lost any chance to benefit from a favorable decision. Petitioner has not said when his exact release date is, but he asks to be placed in a halfway house on April 5, 2010, which he states is "about eight months from [his] projected release date." He concedes, however, that the bureau made its decision to deny him more than six months' placement on December 19, 2008. If petitioner had begun the appeal process as soon as he received that decision and had not yet received a decision, he would have a ground for arguing that he should be exempt from the exhaustion requirement. By letting the time run until August 5, 2009, before starting the administrative grievance process, he lost the opportunity to argue that he should not have to exhaust his administrative remedies. "A prisoner cannot manufacture exigency by tarrying." Richmond, 387 F.3d at 604. Even in August, he would have had eight months before his desired transfer date in which to complete the process.

3

Defendant's failure to act promptly does not exempt him from the exhaustion requirement. Before he may obtain relief in this court, he must complete the administrative grievance process set forth in 28 C.F.R. §§ 542.10-19.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by Samuel C. Shoumake under 28 U.S.C. § 2241 is DISMISSED for petitioner's failure to exhaust his administrative remedies.

Entered this 16th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4