IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL C. SHOUMAKE,

                                                               ORDER

                Petitioner,

                                                                 09-cv-643-bbc

     v.

CAROL HOLINKA, Warden,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order entered November 16, 2009, I denied petitioner Samuel C. Shoumake's petition for a writ of habeas corpus. Petitioner contended that the Bureau of Prisons failed to comply with 28 U.S.C. § 2241 by refusing to transfer him to a halfway house until six months before his sentence ends. I dismissed the petition because I concluded that petitioner had failed to properly exhaust his administrative remedies before bringing this action.

      Now before the court is petitioner's motion for reconsideration, properly construed as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Although this motion was received and docketed nearly one month after judgment was entered in this case, it appears that the motion spent some time in the mail; the first envelope, date-stamped

1

within the ten-day limit of Rule 59(e), was returned "unable to forward." A Rule 59 motion is considered "filed" at the moment it is delivered to prison authorities, Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001) (citing Houston v. Lack, 487 U.S. 266 (1988)), so petitioner's motion is timely.

Petitioner raises two arguments in support of his contention that it was error to dismiss his petition for failure to exhaust. First, he repeats his argument that it was futile for him to attempt to exhaust his administrative remedies because at the time, any placement in a halfway house longer than six months required concurrence by the regional director. However, petitioner has no basis for arguing that it would have been impossible for him to receive concurrence by the regional director. In petitioner's case, there is no suggestion that the regional director had refused to concur with a placement longer than six months because one had not been ordered. Had petitioner appealed his case and received a recommendation for longer than six months, it is possible that the regional director would have concurred. Instead, petitioner assumed that the director would not concur, perhaps on his anecdotal evidence that six months seemed to be the standard. Whatever the case, there is no basis for believing that the Bureau has "clearly and repeatedly taken a position contrary to" petitioner's. Gonzalez v. O'Connell, 355 F.3d 1010, 1018 (7th Cir. 2004) (citations omitted).

Next, petitioner contends that it was error to conclude that he could not show that

2

pursuing administrative appeals would create an "unreasonable delay" in obtaining the relief he seeks in this case. Gonzalez, 355 F.3d at 1016. In the order dismissing the petition, I noted that the Bureau had decided the length of time petitioner would receive in a halfway house in December 2008 but petitioner waited until August 2009 to start the administrative process. Petitioner asserts that although the decision was made in December 2008, he was not notified until June 2009. Although this suggests that petitioner was not dragging his feet, it does not mean petitioner faced "unreasonable delay." As I explained in the original order, even in August, petitioner had eight months before his desired transfer date in April 2010 in which to complete the process. Petitioner's arguments fail to persuade me that it was error to dismiss his case for failure to exhaust.

### ORDER

IT IS ORDERED that the motion to alter or amend the judgment filed by petitioner Samuel C. Shoumake, dkt. #5, is DENIED.

Entered this 18th day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3